Leslie **WALKER**, Appellant,

v.

**R. L. ROSSER et al.,** Appellees.

Court of Appeals of Kentucky.

Jan. 31, 1958.

D. Bernard Coughlin, Maysville, for appellant.

M. Hargett, James M. Collins, Maysville, for appellees.

CAMMACK, Judge.

This action was instituted by the appellant, Leslie Walker, against the appellees, Chief of Police R. L. Rosser, and other officials of the City of Maysville, for a determination of priority rights in taking vacations in the Maysville Police Department.

A city ordinance grants the right to select vacations in accordance with seniority. This appeal is from a judgment declaring Rosser to be senior in length of service in the Department to Walker.

The appellant contends that Rosser was never a regular member of the Police Department prior to his appointment as Chief in January, 1951. Rosser contends that he has been a member of the Police Force since January, 1939. It is not disputed that Walker was commissioned a policeman of the city on July 31, 1939, and was still serving in that capacity when this action was instituted.

On January 3, 1939, the city enacted an ordinance creating the office of Merchant Policeman. The duties of this office were to be those designated by superior city officers and merchants of the city. The salary was set at $1 per year, with an authorization to make collections from merchants for any extraordinary services. The merchants had been asked to vote for the person they desired to fill the position and since Rosser received a majority of the votes cast he was appointed.

It is our opinion that the ordinance creating the office of Merchant Policeman was in derogation of provisions of Carroll's Kentucky Statutes now embraced in KRS 61.300 and KRS 61.360. These statutes deal with the appointment of special peace officers by the Governor. We believe, therefore, that the judgment of the trial judge holding Rosser senior in length of service to Walker is erroneous.

The appellees argue that the question of whether Rosser should have been removed from employments held prior to 1951 because of repugnant statutory provisions is moot and that the validity of his service at that time cannot be questioned now. Perhaps no action now lies against Rosser for the wrongful holding of a position he no longer occupies; but a judgment as to Rosser's present seniority rights based on an invalid employment cannot be given effect.

Here there is an actual controversy involving real and substantial rights of the parties, and the question on appeal is not moot.

The judgment is reversed, with directions that it be set aside, and for the entry of a judgment consistent with this opinion.